UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUISE LOUIS DRUMWRIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>F. PASCUA, *et al.*,<br><br>    Defendants. | Case No. 1:20-cv-01055-KES-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY LOCAL RULES AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Marquise Louis Drumwright is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.

### I.  INTRODUCTION

On May 30, 2025, District Judge Kirk E. Sherriff issued his Order Adopting Findings and Recommendations to Dismiss Certain Claims and Defendant. (Doc. 24.) Specifically, Judge Sherriff ordered this action to proceed only on the following claims: Eighth Amendment failure to protect against Defendants Reaves, Pascua, and Davidson; Eighth Amendment excessive force against Defendants Mendoza, Pascua, Cerda, Garcia, Carranza, Vellido, and Podsakoff; and First Amendment retaliation against Defendant Pascua. (*Id*. at 2.) Further, Defendant Delos Santos was dismissed from the action and the matter was referred back to the undersigned for further proceedings. (*Id*.) Plaintiff was served with a copy of Judge Sherriff's order by mail that same date to his address of record: Marquise Louis Drumwright, AR-6719, Mule Creek State Prison,

P.O. Box 409020, Ione, CA 95640.

On June 2, 2025, the Court issued its Order Finding Service Appropriate. (Doc. 25.) Summonses issued that same date. (Doc. 26.) The order concerns service of Plaintiff's third amended complaint upon Defendants pursuant to the Court's e-service pilot program. (*Id.*) Plaintiff was served with a copy of this order that same date.

On June 11, 2025, Judge Sherriff's order was returned by the United States Postal Service (USPS) marked "Undeliverable," "Inmate Discharged 04/20/2025," and "No longer here."

On June 16, 2025, the service order was returned by the USPS marked "Undeliverable," "[Return to Sender]," "Insufficient Address," and "Unable to Forward."

As of the date of this order, Plaintiff has made no filings in this action since the orders noted above were returned to the Court undeliverable.

## II.   DISCUSSION

Plaintiff has failed to keep the Court apprised of his current address. Therefore, the undersigned will recommend this action be dismissed without prejudice.

### *Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the

1  Clerk and all other parties of any change of address …. Absent such notice, service of documents
2  at the prior address of the … pro se party shall be fully effective." Further, Local Rule 183(b)
3  states that a "party appearing in propria persona shall keep the Court and opposing parties advised
4  as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is
5  returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing
6  parties within thirty (30) days thereafter of a current address, the Court may dismiss the action
7  without prejudice for failure to prosecute." (Emphasis omitted.)

8  "In determining whether to dismiss an action for lack of prosecution, the district court is
9  required to weigh several factors: (1) the public's interest in expeditious resolution of litigation;
10 (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
11 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
12 sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks &
13 citation omitted). These factors guide a court in deciding what to do and are not conditions that
14 must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products*
15 *Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

16              *Analysis*

17     Here, Plaintiff has failed to file a notice of change of address or to otherwise advise the
18 Court of his current address. As noted above, according to the Court's docket, Plaintiff's address
19 of record is "Mule Creek State Prison, P.O. Box 409020, Ione, CA 95640." All orders issued by
20 the Court since January 21, 2022, have been served at that address. On June 11 and June 16,
21 2025, mail directed to Plaintiff was returned to the Court marked "Undeliverable" and no
22 forwarding address was available. A recent search of the CDCR's California Incarcerated
23 Records and Information Search (CIRIS) tool using Plaintiff's full name and CDCR number
24 revealed "No Results."[1] Because Plaintiff has failed keep the Court apprised of his current
25 address, this action is subject to dismissal. Given the Court's inability to communicate with

---

[1] https://ciris.mt.cdcr.ca.gov/results?cdcrNumber=AR6719;
https://ciris.mt.cdcr.ca.gov/results?lastName=drumwright&firstName=marquise, last accessed 7/22/2025.

3

1   Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to obey
2   the Local Rules and failure to prosecute. Thus, the first and second factors — the expeditious
3   resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal.
4   *Carey*, 856 F.2d at 1440.

5   The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal
6   since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
7   action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, service of process is
8   underway under the Court's e-service pilot program. However, these proceedings are essentially
9   at a standstill because of Plaintiff's failure to keep the Court and the parties apprised of his
10  current address. Plaintiff has unreasonably delayed the prosecution of this action since at least
11  June 11, 2025, [2] when mail directed to Plaintiff was returned to the Court as undeliverable. Thus,
12  the third factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

13  The fourth factor usually weighs against dismissal because public policy favors
14  disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,
15  "this factor lends little support to a party whose responsibility it is to move a case toward
16  disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460
17  F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. It is his
18  responsibility to do so. Instead, Plaintiff has stopped communicating with the Court altogether
19  and has failed to comply with this Court's Local Rules. More than 30 days have passed since the
20  USPS returned both Judge Sherriff's order and the service order marked undeliverable, yet
21  Plaintiff has failed to file a notice of change of address in compliance with Local Rule 183(b).
22  Therefore, the fourth factor — the public policy favoring disposition of cases on their merits —
23  also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

24  Finally, the Court's warning to a party that failure to obey the court's orders will result in
25  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.

---

[2] Prior to Judge Sherriff's May 30, 2025, order (*see* Doc. 24), the last order issued by the Court was served to Plaintiff on August 19, 2024 (*see* Doc. 23). Therefore, Plaintiff was released from Mule Creek State Prison sometime between August 2024 and May 2025, a period of about nine months. Hence, Plaintiff could have delayed prosecution of this action as early as late August 2024 by failing to keep the Court apprised of his current address.

4

1    Here, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued July 31,
2    2020, Plaintiff was advised as follows: "In litigating this action, the parties must comply with this
3    Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United
4    States District Court, Eastern District of California ("Local Rules"), as modified by this Order.
5    Failure to so comply will be grounds for imposition of sanctions which may include dismissal of
6    the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 3 at 1.) That Order further advised: "A
7    pro se plaintiff must keep the Court and opposing parties informed of the party's correct current
8    address. Local Rule 182(f). If a party moves to a different address without filing and serving a
9    notice of change of address, documents served at a party's old address of record shall be deemed
10   received even if not actually received. … If mail directed to a pro se plaintiff at the address of
11   record is returned by the United States Postal Service as undeliverable, the order will not be re-
12   served a second time absence a notice of change of address. If a pro se plaintiff's address is not
13   updated within sixty-three (63) days of mail being returned as undeliverable, the case will be
14   dismissed for failure to prosecute." (*Id*. at 5.)[3] However, as of January 1, 2025, Local Rule 183(b)
15   provides that a change of address must be filed within 30 days.[4] The undersigned finds Plaintiff
16   had adequate warning that dismissal could result from his noncompliance with this Court's Local
17   Rules or failure to update his address. Thus, the fifth factor — the availability of less drastic
18   sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.
19      In sum, Plaintiff has failed to comply with this Court's Local Rules, and in doing so, has
20   failed to prosecute this action. Having weighed the equities and considered the relevant factors
21   noted above, the undersigned concludes that dismissal of this action is warranted.
22   ///

---

[3] A blank "Notice of Change of Address" form was also provided for Plaintiff's use. (*See* Doc. 3 at 7.)

[4] The Local Rules state: "These Local Rules are effective on December 1, 2009, and shall govern all actions then pending or commenced thereafter." *See* Local Rule 100(e). Further, the Local Rules provide: "Immediately upon the adoption of these Rules *or any change in these Rules*, copies of the new and revised Rules shall be provided to such publications and persons as the Chief Judge deems appropriate. The Clerk shall promptly notify … *other law libraries maintained by the State* [like state prison law libraries] … in the Eastern District of California. Copies shall be distributed in a manner calculated to ensure maximum notification to those practicing in the Eastern District of California. A notice shall be posted prominently in the Clerk's Offices and on the Court's website." *See* Local Rule 102(c), italics added.

### III. CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons stated above, the Court **HEREBY RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Local Rules and to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **July 22, 2025**

UNITED STATES MAGISTRATE JUDGE